# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF
EDWARD PUNDSACK
by its personal representative,
DAWN PUNDSACK, and
DAWN PUNDSACK, and
H.P. by her next friend,
DAWN PUNDSACK, and
DOUGLAS PUNDSACK,

        Plaintiffs,

  vs.                              Case No. 04-C-1207

CITY OF MILWAUKEE,
a public corporation, and
ARTHUR JONES individually
and in his capacity as the former
Chief of Police of the City of Milwaukee
Police Department, and
MARK WAGNER individually
and in his capacity as a City of Milwaukee
Police Officer,

        Defendants.

# DECISION AND ORDER

      The Federal Rules of Civil Procedure (the "Rules) are intended to help litigants manage their way through the federal court system and to ensure the orderly progression of litigation. The Rules may not cover every situation that can arise (though they certainly cover most), but when the Rules do cover a situation, the parties must proceed accordingly. In this case, the parties motion practice has run afoul of the Rules—namely the rules on entry of default

and the enlargement of the time within which to answer. Because of these missteps, the Court denies the pending motion for default judgment, and makes some other observations along the way. Recounting the chronology of events and filings will help to sort things out.

On December 23, 2002, Mark Wagner, a police officer in the line of duty for the City of Milwaukee, Wisconsin, shot and killed Edward Pundsack. Edward Pundsack's estate, his wife, his daughter, and his father (collectively "Pundsack") brought an action under 42 U.S.C. § 1983 against the City of Milwaukee (the "City"); the former Chief of Police of the City of Milwaukee, Arthur Jones (in both his individual and official capacities) ("Jones"); and Mark Wagner (in both his individual and official capacities) ("Wagner"). Pundsack served the City and Wagner on January 12, 2005, but the City refused to accept service on behalf of Jones, who was no longer the Chief of Police at that time. On February 1, 2005, the City and Wagner filed an answer to the complaint.

On March 7, 2005, Pundsack served Jones while Jones was attending an unrelated trial in federal court. Jones immediately tendered the summons and complaint to the assistant city attorney working at that trial and asked for the city attorney's office to defend him in this lawsuit. The assistant city attorney returned to the city attorney's office later that day and handed the summons and complaint to a paralegal who, in turn, gave them to the docket clerk. The docket clerk logged the summons and complaint in the system that day, but made no notation that Jones had requested representation. Consequently, Jones's request for representation was lost. As a result, the city attorney's office did not file an answer on behalf of Jones, nor did it enter an appearance on his behalf.

Curiously, it seems that only the Court noticed Jones's failure to answer. For forty-six days after Jones was served nothing happened: Pundsack did not show proof of service on Jones, Jones did not answer, and Pundsack did not seek entry of default. Finally, on April 22, 2005, the Court sent Pundsack a letter noting that unless Pundsack provided some proof of service on Jones within twenty days, Jones would be dismissed from the lawsuit. *See* Fed. R. Civ. P. 4(l) (requiring proof of service to be made to the Court). Fourteen days later Pundsack filed proof that Jones had, indeed, been served. That same day Pundsack also filed a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure.

Made aware that Jones still had not filed an answer—now nine weeks after he was served—the city attorney's office called Jones only to learn that he expected the city attorney to represent him. Assistant city attorney Susan Lappen then did two things. First, she sent a letter to the clerk of court declaring that all documents filed in the case on behalf of the City and Mark Wagner should be considered as filed on behalf of Jones, too. Second, she responded to Pundsack's motion for default judgment by alleging that the failure to answer on Jones's behalf was due to excusable neglect.

Each party has run afoul of the Rules, and each misstep bears comment. Pundsack ran afoul of the Rules when he filed a motion for default judgment without first seeking entry of default. Rule 55 of the Federal Rules of Civil Procedure governs default, which is a two-step process. Step one: when a party fails to answer or otherwise defend, and the party seeking default shows that fact "by affidavit or otherwise," *the clerk* enters default against the party who has not answered or otherwise defended. Fed. R. Civ. P. 55(a). The Court is not involved in step one.

Step two: once default has been entered, judgment may be entered by the clerk if the damages are a sum certain, or by the Court after an evidentiary hearing if the damages are not a sum certain. Fed. R. Civ. P. 55(b). The two steps are best understood as, first, a finding of liability (entry of default) and, second, the entry of a final judgment (entry of default judgment). Admittedly, Rule 55 is an oft misunderstood rule, but it should not be—the law is well-settled. *See, e.g.*, *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment."); *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of default judgment."); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in rule 7(a), entry of default under Rule 55(a) must precede grant of default judgment under Rule 55(b)." (quotations omitted)); *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (reviewing the difference between "default," "entry of default," and "default judgment"); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (distinguishing between entry of default and default judgment); *Alameda v. Sec'y of Health Educ. & Welfare*, 622 F.2d 1044, 1048 n.3 (1st Cir. 1980) ("The entry of default is similar to a finding of liability, but it is not a final judgment.").

The city attorney's office ran afoul of the Rules when it declared that the answer filed on behalf of the City and Wagner should be considered retroactively filed on behalf of Jones, too. Simply filing an answer—or *declaring* that you have filed an answer—after the time

for filing has passed does not cure the problem. When a party fails to meet a deadline established by the Federal Rules of Civil Procedure, it must request an enlargement of time within which to comply. *See* Fed. R. Civ. P. 6(b). The party may know even before the originally prescribed time has run that the party will be unable to comply with the deadline. In those cases the party may seek an enlargement of time and the Court may order the period enlarged without motion or notice. *Id.* But when a party seeks enlargement after the time prescribed by the rule has run, the party must do so by motion. *Id.* The Supreme Court has cautioned that post-deadline requests for enlargement of time must be in motion form and courts must be wary of constructively treating papers that are not actually motions as motions under Rule 6(b)(2). *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990). When a motion is properly brought under Rule 6(b)(2), the Court may enlarge the time for filing if (1) cause is shown and (2) "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2);[1] *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390-95 (1993) (discussing "excusable neglect" in context of Bankruptcy Rule 9006(b) and noting, at some length, that Bankruptcy Rule 9006(b) is based on, and interpreted like, Federal Rule of Civil Procedure 6(b)); *Crue v. Aiken*, 370 F.3d

---

[1] In its entirety, Federal Rule of Civil Procedure 6(b) reads:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated therein.

Fed. R. Civ. P. 6(b).

668, 681 (7th Cir. 2004) (setting out factors in Rule 6(b) context and citing *Pioneer Inv. Servs.*). But Jones did not move for such relief.

So, as it stands, the situation is this. Pundsack has moved for entry of default judgment without first seeking entry of default from the clerk. Jones has filed an appearance but has not filed an answer, has missed the time for answering, and has not asked the Court to enlarge the time for answering, nor has he had default entered against him.

What should have happened is this. Pundsack provides an affidavit or other proof that Jones has not answered and asks the clerk to enter default (which the clerk is required to do) pursuant to Federal Rule of Civil Procedure 55(a). Pundsack then files a motion for entry of default judgment with the Court (because his damages are not a sum certain) pursuant to Federal Rule of Civil Procedure 55(b)(2). Meanwhile, the city attorney's office realizes its mistake and enters an appearance on Jones's behalf. The city attorney also files a motion to have entry of default set aside pursuant to Federal Rule of Civil Procedure 55(c). In that same motion, or by separate motion, the city attorney also moves the Court for an enlargement of the period of time in which to answer pursuant to Federal Rule of Civil Procedure 6(b)(2).

The defects in the filings currently before the Court cannot be corrected by the Court's liberal or creative construction. (Recall, the Supreme Court has cautioned courts to be very careful about some of that construction.) In any event, both parties are represented by experienced counsel and such corrections should not be necessary. Instead, the Court denies Pundsack's motion for entry of default judgment and notes that Jones still has not filed a proper answer to Pundsack's complaint. One final note is in order. The Court is not in the business of

providing legal advice, and counsel should not mistake this opinion as providing them with everything they need to know to file proper motions under the circumstances. This is a nudge in the right direction (and should not be necessary again).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pundsack's Motion for Default Judgment [Docket No. 12] is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of August, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**