**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**THE ESTATE OF
EDWARD PUNDSACK
by its personal representative,
DAWN PUNDSACK, and
DAWN PUNDSACK, and
H.P. by her next friend,
DAWN PUNDSACK, and
DOUGLAS PUNDSACK,**

      **Plaintiffs,**

 **vs.**                Case No. 04-C-1207

**CITY OF MILWAUKEE,
a public corporation, and
ARTHUR JONES individually
and in his capacity as the former
Chief of Police of the City of Milwaukee
Police Department, and
MARK WAGNER individually
and in his capacity as a City of Milwaukee
Police Officer,**

      **Defendants.**

---

## ORDER

---

  The Court wishes to conduct a scheduling conference with the parties to this action. Typically, the Court schedules such a conference once all of the defendants to an action have answered or otherwise pled in response to the complaint. In the present action, there is one defendant who has not yet answered the complaint, despite a Court order to do so. The Court

is taking the unusual step of addressing this situation *sua sponte* so that the action may move forward. A little bit of background will establish what has happened thus far.

On December 23, 2002, Mark Wagner, a police officer in the line of duty for the City of Milwaukee, Wisconsin, shot and killed Edward Pundsack. Edward Pundsack's estate, his wife, his daughter, and his father (collectively "Pundsack") brought an action under 42 U.S.C. § 1983 against the City of Milwaukee (the "City"); the former Chief of Police of the City of Milwaukee, Arthur Jones (in both his individual and official capacities) ("Jones"); and Mark Wagner (in both his individual and official capacities) ("Wagner"). Pundsack served the City and Wagner on January 12, 2005, but the City refused to accept service on behalf of Jones, who was no longer the Chief of Police at that time. On February 1, 2005, the City and Wagner filed an answer to the complaint.

On March 7, 2005, Pundsack served Jones while Jones was attending an unrelated trial in federal court. Jones immediately tendered the summons and complaint to the assistant city attorney working at that trial and asked for the city attorney's office to defend him in this lawsuit. The assistant city attorney returned to the city attorney's office later that day and handed the summons and complaint to a paralegal who, in turn, gave them to the docket clerk. The docket clerk logged the summons and complaint in the system that day, but made no notation that Jones had requested representation. Consequently, Jones's request for representation was lost. As a result, the city attorney's office did not file an answer on behalf of Jones, nor did it enter an appearance on his behalf.

2

For forty-six days after Jones was served nothing happened. Pundsack did not show proof of service on Jones, Jones did not answer, and Pundsack did not seek entry of default. Finally, on April 22, 2005, the Court sent Pundsack a letter noting that unless Pundsack provided some proof of service on Jones within twenty days, Jones would be dismissed from the lawsuit. *See* Fed. R. Civ. P. 4(l) (requiring proof of service to be made to the Court). Fourteen days later Pundsack filed proof that Jones had, indeed, been served. That same day Pundsack also filed a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure.

Made aware that Jones still had not filed an answer—now nine weeks after he was served—the city attorney's office called Jones only to learn that he expected the city attorney to represent him. Assistant city attorney Susan Lappen then did two things. First, she sent a letter to the clerk of court declaring that all documents filed in the case on behalf of the City and Mark Wagner should be considered as filed on behalf of Jones, too. Second, she responded to Pundsack's motion for default judgment by alleging that the failure to answer on Jones's behalf was due to excusable neglect.

By order dated August 4, 2005, the Court, while denying the plaintiffs' motion for default judgment against Jones, identified the legal missteps of both parties. First, the Court informed the plaintiffs that the Court could not enter default judgment against Jones until the plaintiffs first obtained an entry of default from the clerk of court. Second, the Court

3

disabused the defendants of the notion that they could retroactively insert a party into an answer without first moving the Court for an enlargement of time.

Having received the Court's order, the plaintiffs wasted no time and, on that same day, filed a request for an entry of default with the clerk of court. On the following day, the clerk entered default against Jones. On August 11, 2005, Jones filed a single document containing motions for an extension of time to file an answer, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, and to set aside default judgment, pursuant to Rule 55(c). The plaintiffs did not file any response to Jones's motions, though, on August 16, 2005, they moved for default judgment against him. Jones did not file a formal response to the motion for default judgment. Rather, on August 29, 2005, the Court received a letter from his attorney in which she asked the Court to consider Jones's pending motions–for an extension of time and to set aside default judgment–as responsive to the motion for default judgment.

By order dated December 15, 2005, the Court granted the motion to set aside the entry of default and also granted Jones an extension of time, through December 30, 2005, to file his answer. In that order, the Court pointed out that both parties had run afoul of this forum's briefing rules; the Court stated that its patience was growing thin. The situation did not improve when, on January 5, 2006, defense counsel sent a letter to the Clerk of Court stating:

> Please note that, in my letter of May 10, 2005, I had indicated that the documents previously filed on behalf of the City of Milwaukee and Mark Wagner, were also filed on behalf of defendant Arthur Jones. In Judge Randa's December 15, 2005 decision and order, he indicated that "Jones' answer should be filed with the court no later than December 30, 2005." However, no new answer will be filed on behalf of Mr. Jones. Rather,

4

> consistent with my May 10, 2005 letter, the answer originally filed on behalf of the City and Officer Wagner is the same answer for Mr. Jones. Thank you for your attention to the above.

(Letter from Susan E. Lappen to Sofron Nedilsky (Jan. 1, 2006).) This letter is highly problematic.

First, when a Court issues an order, the party to whom it is directed has limited options. The party must either comply or move the Court for reconsideration. The Court's December 15, 2005 order was neither vague nor ambiguous: Jones was to file an answer by December 30, 2005. Rather than complying with that order, Jones charted his own course and wrote a letter to the Clerk of Court stating that he would not be following the Court's order. This missive could readily be considered an act of contempt. Contrary to Jones's belief, the Clerk of Court cannot excuse him from complying with this Court's order. If Jones felt that the Court erred and he was not required to submit a separate filing apart from the originally filed answer, he should have moved the Court accordingly for reconsideration.

Second, Jones (or his attorney) apparently thinks that once he secured an extension of time for filing the answer, he could declare that the original answer--filed by the other two defendants--also applied to him. This maneuver, Jones thinks, obviates the need for him to file an answer. Jones has provided no case law or statute authorizing such inventive retroactive application of a pleading.[1] The Court's order of August 4, 2005 made clear that Jones could not simply declare that the other defendants' answer also applied to him after the

---

[1] Rule 15 of the Federal Rules of Civil Procedure provides for the amendment of pleadings. The Court does not see how Jones's attempts are contemplated by that rule.

5

allowable time for answering had passed. The grant of an extension was only the first step for Jones. There is a second step, which, based on Jones's letter to the clerk, the Court apparently must make explicit: An amendment to a pleading or an amended pleading requires the filing of a new pleading (i.e., the amended pleading) with the Court. If this was not intuitively obvious, Jones could have looked to Civil Local Rule 15.1, which states that "[a]ny amendment to a pleading, whether filed as a matter of course or upon motion to amend, *must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.*" United States District Court for the Eastern District of Wisconsin, Civ. L.R. 15.1 (emphasis added). That local rule should have disabused Jones of the notion that the Court would revise the original answer by taking out its red pencil and inserting his name in that original pleading wherever the other two defendants were named. Civil Local Rule 15.1 avoids confusion by ensuring that pleadings are self-contained; it would be logistically cumbersome if answers, complaints, or other pleadings applied to parties nowhere identified on the faces of the documents.

Jones may join in with the other defendants and file one amended answer, or he may file his own separate answer. Or, he may do nothing–as he has thus far–and face a wide array of prospects ranging from the entry of default judgment against him to the imposition of sanctions. This much is certain: The Court will not accept any more communications in briefs or letters from Jones declaring that the original answer, filed by Wagner and the City,

6

was also filed on his behalf. That was not the case when the answer was filed and it is not the case now; Jones

's saying so does not make it so.

The Court is not encouraged by this display of procedural gaffes. Nevertheless, the Court will again exercise lenience and extend (once again) the time for Jones to answer. Once that answer is received, the Court will schedule a telephonic conference with the parties.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Jones **SHALL** file his answer no later than January 25, 2006.

Dated at Milwaukee, Wisconsin this 20th day of January, 2006.

                **BY THE COURT**

                s/ Rudolph T. Randa
                **Hon. Rudolph T. Randa**
                **Chief Judge**